COMMONWEALTH *vs.* HARTFORD AND NEW HAVEN RAILROAD COMPANY.

A railroad corporation, which has duly located its road across a public highway and acquired a right to construct it there at a certain grade, without any restriction as to the number of tracks or the place where they should be laid, is authorized to lay and maintain as many tracks as are essential to the convenient transaction of its business; and for that purpose may make any necessary alteration in the surface of the highway.

INDICTMENT for a nuisance by laying and constructing a railroad track across State Street in Springfield in June 1853, and continuing it until December 1858.

At the trial in the superior court in Hampden, before *Vose,* J., at December term 1859, the following facts were proved or admitted : State Street was laid out by the county commissioners in 1832 from Main Street to a stake on the bank of the Connecticut River. In 1845 the defendants filed the location of their road under their charter, describing it as two rods in width where it crossed State Street, and, after giving written notice to the selectmen of Springfield of the manner in which the railroad was to be made across State Street, laid one track thereon which they have ever since continued. In 1853 the defendants laid a second track to the west of the first track and upon a level therewith, but within their location, and thereby necessarily under that track raised the level of State Street, which extended westwardly towards the river two rods beyond the line of the railroad, and thus made the grade of State Street towards the river steeper than it was before, and interfered with the business of a wharf at the end of the street.

The defendants prayed the court to rule as follows : " If the defendants in making their westerly track across State Street, within their chartered limits, and where State Street descended towards the river, found it necessary to make that track upon the same level with their eastern track, they had a right to do so, notwithstanding it thereby became necessary to raise the surface of State Street under the westerly track considerably higher than it was before, and to make the grade of State Street be-

yond the westerly track steeper than before. And if they put State Street in all other respects in good repair, so as to be safe and convenient for travellers, the fact that they left the grade considerably steeper than it was before, so that teams cannot draw so heavy loads up the grade as they could otherwise have done, is not sufficient to constitute their acts a nuisance."

But the court declined to give this instruction, and submitted the case to the jury under the following instructions: " Railroad companies are prohibited by law from making their roads, where they cross a highway, so as to obstruct the highway, except in a particular mode, by the permission of the selectmen, and subject to the decision of the county commissioners. Any portion of a railroad, constructed across a highway without the permission of the selectmen or the order of the county commissioners directing its mode of crossing, and in such a manner as to prevent or substantially interfere with the passage of carriages with loads of a proper and reasonable weight, such as are usually carried upon public highways, would be a nuisance, for the erection and maintenance of which the corporation might be indicted and convicted. The facts in this case do not furnish any authority or justification to the defendants in their obstructing the highway." The jury returned a verdict of guilty, and the defendants alleged exceptions.

R. A. Chapman, for the defendants.

S. H. Phillips, (Attorney General,) for the Commonwealth.

MERRICK, J. The statute provides that railroads laid out so as to cross a turnpike road or other way shall be so made as not to obstruct it. Rev. Sts. c. 39, § 66. But when a railroad corporation has duly and legally located its road upon and across a public highway, and has acquired a right to construct and complete it there at a certain fixed grade and level, without any restriction as to the number of tracks or the place where they shall be laid, the company is authorized to put down and maintain upon any part of the premises within the limits of the location, such number of tracks as are essential to the convenient transaction of its business; and for that purpose may make any necessary alteration in the grade or surface of the

highway there.   And such alteration will not constitute a nui-
sance or an unlawful obstruction, if in all other respects the
highway is kept in good repair, so as to be safe and convenient
to passengers.   The defendants therefore were entitled, upon the
facts shown at the trial, to the instructions prayed for

*Exceptions sustained*